649 So.2d 831 (1995)
Ray Anthony FERRELL a/k/a Ray Anthony Ferrill
v.
STATE of Mississippi.
No. 91-KA-01007.
Supreme Court of Mississippi.
January 26, 1995.
*832 Dale Robinson, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., Wayne Snuggs, Asst. Atty. Gen., Jackson, Ellen Y. Dale, Ridgeland, for appellee.
Before HAWKINS, C.J., and SULLIVAN and SMITH, JJ.
HAWKINS, Chief Justice, for the Court:
Ray Anthony Ferrell has appealed his conviction in the circuit court of the First Judicial District of Harrison County on January 25, 1991, for the possession of crack cocaine, and sentence to a term of three years in prison, with eighteen months suspended. He raises two serious issues requiring reversal, an illegal search and insufficiency of the evidence. We reverse and render.

FACTS
On September 15, 1989, Officers Steve Dawson and Travis Byrd of the Gulfport Police Department were monitoring the speed of vehicles on 42nd Avenue in Gulfport. At about 6:00 p.m., a silver-gray Nissan entered the area. Radar showed that the car was going 38 MPH in the 25 MPH zone. The officers flagged the car down and Byrd requested that the driver, the only occupant, produce his license. The driver, Ferrell, stated that his license had been suspended. This fact was verified over the radio. Ferrell was then arrested for speeding and driving with a suspended license. The officers frisked Ferrell and escorted him across the street to Byrd's patrol car. At this point, Dawson momentarily left the scene to stop a second speeding car.
While in the patrol car, Byrd claimed that Ferrell asked him to retrieve the keys from the Nissan. When Byrd reached the car, he sat in the driver's seat. He saw the keys on the passenger's seat, and immediately next to the keys, Byrd saw a matchbox. He testified that in his experience narcotics were often carried in matchboxes. Byrd then lifted the matchbox and found a yellow pill beneath it. Although he could not identify the pill, it did arouse his suspicion. Byrd then opened the matchbox and found that it only contained matches. The officer then noticed a second matchbox between the two front seats. Byrd opened this second matchbox, and found that *833 it contained nine rocks of crack cocaine. Byrd showed the matchbox containing the crack to Ferrell, who said that he had borrowed the car from someone else and that he was unaware that the cocaine was in the car.
Ferrell was tried for possession of cocaine on January 25, 1991. Prior to the trial, a suppression hearing was held to determine whether the cocaine was illegally seized. Ferrell expressly denied having asked Byrd to retrieve the keys from the car. At the conclusion of the hearing, the trial judge found that the search was valid as both a plain view search and a search incident to arrest.
During the trial, both Dawson and Byrd testified for the State. Allison Smith, an employee of the Mississippi Crime Lab, also testified that the substance found in the car was cocaine.
James Harris testified for the defense. He stated that he had loaned the Nissan, which Ferrell was driving when he was arrested, to Nathan Karl. A pawn ticket, which was offered into evidence by the defense, indicated that Karl had subsequently pawned the car to Ferrell. Harris stated that he was familiar with Karl's signature, and identified it on the pawn ticket.
Anthony Durr testified that he was present when Karl pawned the car to Ferrell during the early morning hours of September 15, 1989, and that both he and Karl had smoked crack in the car earlier. Durr asserted that the cocaine found in the car by the police had actually been left there when the car was pawned to Ferrell, and that Ferrell did not know of its presence.

LAW

I. Search and Seizure
Ferrell contends that the trial court's determination that the search of the automobile was valid as a search incident to arrest and a plain view search was erroneous. We agree.

A. Incident to Arrest
In Mississippi authorities may search a vehicle as an incident to arrest even when the underlying offense for which the defendant has been arrested is a traffic violation. Watts v. State, 196 So.2d 79, 86 (Miss. 1967). However, in the instant case there appears to be a question as to whether the search was actually an incident to the arrest. Ferrell was stopped for speeding. When the officers found that his license was suspended, he was asked to exit the car, at which time he was placed under arrest. No weapons or contraband were found on Ferrell's person when he was searched and handcuffed. He was then escorted across the street and placed in a patrol car. Officer Byrd then returned to the car Ferrell was driving only after he was requested to retrieve the keys.
The United States Supreme Court has held "that the scope of a warrantless search must be commensurate with the rationale that excepts the search from the warrant requirement." Cupp v. Murphy, 412 U.S. 291, 295, 93 S.Ct. 2000, 2003, 36 L.Ed.2d 900 (1973). In the case of a search incident to arrest, the exception to the warrant requirement is founded upon the reasonable concern that the arrestee might have a weapon on his person or within reach, and that he may attempt to destroy evidence which is within his grasp. Cupp, 412 U.S. at 295, 93 S.Ct. at 2003. The search of Ferrell's car cannot be classified as incident to arrest under Cupp. At the time Officer Byrd searched the car, Ferrell had already been frisked, handcuffed, and placed in the backseat of Officer Byrd's patrol car. Consequently, he could have had no reasonable fear that Ferrell might have a weapon. Furthermore, based upon the defendant's behavior and the prior pat-down there was no reason to think that Ferrell might be in a position to destroy incriminating evidence from the crime which led to his arrest, i.e., a suspended driver's license.

B. Plain View
In order for a search to fit within the perimeters of the plain view doctrine, the object in question must itself be in plain view; here, the contraband was not in plain view. When Officer Byrd entered the car to retrieve the keys, he saw the keys on the passenger seat and an ordinary matchbox located next to them. No drugs or drug *834 paraphernalia were visible. Nonetheless, Byrd lifted the first matchbox which held only matches and discovered the yellow pill, and then opened the second matchbox between the car seats discovering the crack cocaine.[1]
Although this Court has not spoken to this exact issue, the United States Court of Appeals for the Fifth Circuit has. The Fifth Circuit held:
The plain view exception is intended to allow police officers to seize incriminating items that are discovered in the course of their legitimate law enforcement activities, see Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 2307-08, 110 L.Ed.2d 112 (1990); [United States v.] Donnes, 947 F.2d [1430] at 1438 [(10th Cir.1991)]; United States v. Eschweiler, 745 F.2d 435, 439-40 (7th Cir.1984), not to justify warrantless, exploratory searches of containers that purport to contain innocuous materials.
United States v. Villarreal, 963 F.2d 770, 776 (5th Cir.1992). According to the Fifth Circuit, "a container cannot be opened unless its contents are in plain view or they can be inferred from the container's outward appearance." United States v. Sylvester, 848 F.2d 520, 525 (5th Cir.1988) (emphasis added).
We find, therefore, that the seizure of the contraband from the car Ferrell was driving does not fit the plain view exception. At the time Byrd entered the car, no incriminating evidence was visible. See generally Wayne R. LaFave and Jerold H. Israel, Criminal Procedure § 3.2(b) (1984) (discussing plain view doctrine and requirement that contraband be "immediately apparent"). Nevertheless, he proceeded to lift the matchbox in search of contraband. Moreover, Byrd was not content after he discovered that the first matchbox contained matches, but continued the search and opened the second matchbox. Given their utility and wide availability, matches are common objects in the every day world. The mere presence of a matchbox on the front seat of a car ordinarily cannot be termed an incriminating object in plain view.

II. Sufficiency of the Evidence
The State offered no positive proof that Ferrell had actual possession of the cocaine. At most, there was some proof that he had constructive possession over the drugs. But given that he was not the owner of the vehicle in which the contraband was located, this evidence was insufficient to support a conviction.
In Cunningham v. State, 583 So.2d 960, 961 (Miss. 1991), a passenger in a vehicle was convicted of possession after police found cocaine on the floor of the vehicle. In overturning the conviction, the Court found that the prosecution failed to establish that the defendant had possession of the cocaine. Id. at 962. The Court stated:
A presumption of constructive possession arises against the owner of premises upon which contraband is found. Hamburg v. State, 248 So.2d 430, 432 (Miss. 1971); Pool v. State, 483 So.2d 331, 336-337 (Miss. 1986). However, when contraband is found on premises which are not owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession. As we stated in Fultz v. State, 573 So.2d 689, 690 (Miss. 1990), "the state must show additional incriminating circumstances to justify a finding of constructive possession."
Id. (emphasis added). In Fultz v. State, 573 So.2d 689 (Miss. 1990), the defendant was charged with possession after a large quantity of marijuana was found in the trunk of the car he was driving. The car was owned by the defendant's sister, and at trial he denied having any knowledge of the marijuana. Id. at 690. The Court ruled that the defendant did have dominion and control over the vehicle; however, the State failed to prove "additional incriminating circumstances to justify a finding of constructive possession." Id.; see also Boches v. State, 506 So.2d 254, 259 (Miss. 1987) (noting that State required to prove dominion and control over contraband and not merely vehicle and finding several additional incriminating circumstances).
*835 This case is strikingly similar to Fultz. As the operator of the car, Ferrell had dominion and control over the contraband discovered in the car. However, he was not the owner of the car; therefore, the State was required to establish additional incriminating circumstances in order to prove constructive possession. The State claims that the location of the matchbox next to the driver's seat and the 15 hours which Ferrell had possession of the car amounted to additional incriminating circumstances. These contentions are incorrect. Just as in Fultz, the contraband was not positioned in such a way that its presence would be reasonably apparent to a person riding in the car. The mere fact that the matchbox was only a matter of inches from where the defendant was sitting, rather than in the trunk, does not overcome the fact that the crack was cloaked. Cunningham, 583 So.2d at 962. Furthermore, Ferrell's possession of the car for a mere 15 hours does not qualify as an incriminating circumstance.
By definition, the State must show additional circumstances that are actually incriminating in order to establish constructive possession. The circumstances cited in this case in no way appear incriminating. No drug paraphernalia was found in the car, Ferrell was not on drugs at the time he was arrested, and his fingerprints were not found on the matchbox. He was merely seated in the car next to what by all accounts appeared to be an ordinary matchbox. In fact the only positive proof offered at trial on this point, namely the testimony of the two defense witnesses, was exculpatory rather than inculpatory.
Accordingly, the judgment of the lower court is reversed and the appellant is hereby discharged.
REVERSED AND RENDERED; APPELLANT DISCHARGED.
PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS Jr. and SMITH, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
NOTES
[1] The evidence presented at trial demonstrated that the pill was not a controlled substance.