THOMAS, P.J.,
for the Court:
¶ 1. Toby McCarty was convicted of possession of cocaine and sentenced to three years imprisonment as an habitual offender. On appeal, McCarty raises several assignments of error, but our disposition of the case is based on consideration of the following issue:
THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE VERDICT OF POSSESSION OF COCAINE BECAUSE THE STATE FAILED TO SHOW ADDITIONAL INCRIMINATING CIRCUMSTANCES OF GUILT.
¶ 2. Because we find that there was insufficient evidence of McCarty’s guilt, we reverse and render the conviction and sentence.
FACTS
¶ 3. At 3:25 a.m. on April 15, 1996, McCarty was stopped for speeding on Highway 25 by two deputies of the Rankin County Sheriffs Department. After McCarty got out of the car, Deputy Scotty Thompson saw a crushed Dr. Pepper can partway under the driver’s seat of the white Corvette. Deputy Thompson testified at the suppression hearing that he could see residue on the can and tiny pin holes in the can from a distance of three feet using his flashlight. At trial, Thompson testified that based on his training and experience the can was possibly used to smoke a controlled substance.
¶ 4. Deputy Thompson took the can from under the seat and asked McCarty if it was his. McCarty told the deputy that it could have been left in the car by two strippers from Legends Cabaret who had been the car earlier that evening.
*488 ¶ 5. The deputy walked around to the other side of the car, shined his light inside and saw a large rock of crack cocaine on the passenger side of the floorboard. When asked about the rock, McCarty again told the deputy that it could have been left by the strippers from Legends.
¶ 6. At the time of the stop, McCarty was driving a white 1996 Corvette with personalized license plate “TRM.” McCarty testified that he had borrowed the car that afternoon from Roland Price. Price testified that he bought the car from McCarty approximately two months before the arrest and that the car had been kept at his business before he loaned it to McCarty. Price testified that he was a wholesale car dealer and he was not required change the license plate if the license plate was still valid.
¶ 7. At trial, McCarty testified that he was driving on Highway 25 when a car began following him. McCarty said that he could not see what type of car was behind him and that if he slowed down, the car following him slowed down. McCarty said he accelerated his ear in an attempt to lose the unknown car and was then stopped for speeding. McCarty testified that he told the officers that they had scared him.
¶ 8. McCarty denied any knowledge of the Dr. Pepper can or the crack cocaine. He testified that he went to Legends Cabaret earlier that evening and left with two of the dancers. He drove the women to them home and then loaned them the car to go buy cigarettes and beer. According to McCarty, the women were gone for over forty-five minutes even though the store was around the corner. By the time the women returned, McCarty was angry and left immediately.
¶ 9. Deputy Thompson was called to testify in rebuttal. He testified that McCarty did not tell him that the two strippers borrowed the car on the night of the arrest. On cross-examination Deputy Thompson conceded that he had not questioned McCarty concerning the two strippers.
DISCUSSION
¶10. In Ferrell v. State, 649 So.2d 831 (Miss.1995), the Mississippi Supreme Court considered the appeal of a man stopped for speeding and convicted of possession of cocaine. When stopped, Ferrell admitted that his driver’s license was suspended and he was arrested. In searching the car, the police officers found two match boxes in the car. One contained nine rocks of crack cocaine. Ferrell stated that he had borrowed the car and did not know the cocaine was there.
¶ 11. In Ferrell, the supreme court quoted from Cunningham v. State, 583 So.2d 960, 961 (Miss.1991), another case where the court overturned a conviction of possession where cocaine was found on the floor of the vehicle.
A presumption of constructive possession arises against the owner of premises upon which contraband is found. Hamburg v. State, 248 So.2d 430, 432 (Miss.1971); Pool v. State, 483 So.2d 331, 336-37 (Miss.1986). However, when contraband is found on premises which are not owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession. As we stated in Fultz v. State, 573 So.2d 689, 690 (Miss.1990), “the state must show additional incriminating circumstances to justify a finding of constructive possession.”
Ferrell) 649 So.2d at 834. The court in Ferrell rejected the State’s argument that the location of the matchbox next to the driver’s seat and the fifteen hours which Ferrell had possession of the car amounted to additional incriminating circumstances.
¶ 12. The State first argues that there was sufficient evidence for this Court to find that “for all practical purposes” the car belonged to McCarty. Although the car was registered in McCarty’s name and still earned his personalized license plate, the testimony from McCarty and Roland Price established that the car had been sold to Price months earlier and that McCarty had borrowed the car the afternoon before his arrest. Corroborating Price’s claim of ownership is the fact that the Rankin County District Attorney’s Office returned the car to Price some time subsequent to McCarty’s arrest.
*489-503 ¶ 13. In reviewing the ease, this Court is unable to find the additional incriminating circumstances necessary to establish possession. The State claims that the drugs were in plain view, but the evidence introduced by the State does not show that the crack cocaine found on the passenger side floorboard was visible from the driver’s seat. Deputy Thompson testified that the Dr. Pepper can was partially under the driver’s seat, thereby raising the question whether McCarty would necessarily have been aware of its presence in the car at night or, more particularly, of the nature of its use.
¶ 14. Concerning possible additional incriminating evidence, the supreme court in Fultz v. State, 573 So.2d at 691, faulted the police for failing to dust the truck where the marijuana was found for fingerprints and for failing to determine whether the defendant owned the duffel bag containing the marijuana or any other items in the trunk. Similarly, McCarty points out that the police could have dusted the Dr. Pepper can and plastic bag for fingerprints or could have obtained a blood sample from McCarty to ascertain whether he had cocaine in his blood. As he points out, the deputies did not find any matches or a lighter to show that he had used the can to smoke crack. It is not necessary for this Court to point out what additional evidence would have been sufficient; rather, we only hold that the State failed to provide any such evidence.
¶ 15. Bound by the precedent of these aforementioned cases, we are compelled to reverse and render the conviction and order the appellant released.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS REVERSED AND RENDERED. COSTS OF APPEAL ARE ASSESSED TO RANKIN COUNTY.
BRIDGES, C.J., McMILLIN, P.J., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, PAYNE, and SOUTHWICK, JJ„ concur.