¶ 13. The case sub judice presents this Court with difficult task of determining whether police officers conducted a constitutionally permissible search of an arrestee's automobile. The Majority holds that the search was unlawful and such unlawfulness is not cured by the "inevitable discovery" doctrine. Maj. Op. at 6. Because I think that the "inevitable discovery" doctrine applies to the unique facts presented here, I respectfully dissent.
¶ 14. To examine this issue, inter alia, this Court granted White's Petition for Writ of Certiorari. The Court of Appeals of Mississippi found that the "inevitable discovery" doctrine applied and reasoned as follows:
 We conclude, on these facts, that it is entirely reasonable to conclude that the arresting officer, Officer LeFleur, was proceeding with those duties normally associated with an arrest, including preparations to conduct a thorough search of the inside of the truck within William White's immediate control at the time of his arrest. This would have been a constitutionally permissible search incident to William White's lawful arrest.
Court of Appeals' Opinion at 9.
¶ 15. In reversing the Court of Appeals, the Majority writes, ". . . the improper search in this case is indistinguishable from the Ferrell case and the `inevitable discovery' doctrine simply has no application as there was no valid underlying reason for the officers to return to the truck after the Whites had been secured and conduct the search which resulted in the discovery of the drugs inside the medicine bottle." Maj. Op. at 6. In my view,Ferrell v. State, 649 So.2d 831 (Miss. 1995), is distinguishable and an underlying reason for the officers to return and conduct the search did in fact exist.
¶ 16. In Ferrell, the police stopped Ferrell for a traffic violation. Upon discovering Ferrell had a suspended driver's license, he was arrested and placed in the patrol car. Claiming Ferrell asked him to retrieve his keys, the officer returned to the car and found a matchbox beside the keys. His suspicions now aroused, he proceeded to search the car thoroughly and found another matchbox containing the illegal crack cocaine for which he was convicted. Id. at 832.
¶ 17. On appeal, this Court held that the search of Ferrell's car cannot be classified as incident to arrest under Cupp v. Murphy,412 U.S. 291, 295, 93 S.Ct. 2000, 2003, 36 L.Ed.2d 900 (1973).Id. at 833. This Court based its determination on the following facts:
 At the time Officer Byrd searched the car, Ferrell had already been frisked, handcuffed, and placed in the back-seat of Officer Byrd's patrol car. Consequently, he could have had no reasonable fear that Ferrell might have a weapon. Furthermore, based upon the defendant's behavior and the prior pat-down there was no reason to think that Ferrell might be in a position to destroy incriminating evidence from the crime which led to his arrest, i.e., a suspended driver's license.
Id.
¶ 18. In the case sub judice, the facts are similar, but not indistinguishable. Officer LeFleur was the first to arrive on the scene of the improperly stopped truck in a lane of traffic. He noticed Elwood White, the appellant, sitting on the driver's side and William White standing on the passenger side. William was arrested by LeFLeur for a violation of an open container of alcohol law and handcuffed. Maj. Op. at 2.
¶ 19. Officer Funches arrived on the scene just after LeFleur, and he dealt directly with Elwood. Upon a Terry frisk, Funches found bullets in the shirt pocket of Elwood. Officer Funches then elected to search the interior of the truck and discovered a handgun, the handle of which *Page 226 
was in plain view. Id. Funches then arrested Elwood, placed him in handcuffs, and then returned to the truck to conduct a more thorough search. During this second search, Funches found the medicine bottle containing the crack cocaine for which Elwood was ultimately convicted of possessing.Id.
¶ 20. This case is factually distinguishable from Ferrell in that actual weapons and bullets were found on the body and in the truck of the appellant. No weapons were ever involved in the Ferrell
case. Moreover, the underlying reason for the officers's return is understandable. The second search that discovered the illegal contraband could easily have been predicated upon the officer's belief that other weapons were in the truck. Funches had already found one handgun and the appellant with a pocket full of bullets. In effect, the Majority seeks to punish law enforcement for simply being safe in the face of dangerous circumstances. Law enforcement officers should not be penalized for properly placing a suspect, who has committed a traffic violation and is found carrying a handgun, under arrest and securing him a police vehicle before continuing their search for other weapons. An officer who did otherwise is risking life and limb.
¶ 21. Therefore, the "inevitable discovery" doctrine applies just as the Court of Appeals reasoned. Funches was proceeding with those duties normally associated with an arrest. This was a constitutionally permissible search incident to Williams and Whites lawful arrest. The contraband would have been discovered in the initial search, but for discovery of the weapons and bullets. The necessity of safety in the face of grave danger required Funches to first secure the appellant before turning his back to continue the search.
¶ 22. Accordingly, I respectfully dissent.
MILLS, J., JOINS THIS OPINION.