767 So.2d 296 (2000)
Andrew DUCKSWORTH a/k/a Andrew D. Ducksworth, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00529-COA.
Court of Appeals of Mississippi.
September 12, 2000.
*298 Anthony J. Buckley, Laurel, Attorney for Appellant.
Office of the Attorney General by Charles W. Maris, Jr., Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND THOMAS, JJ.
BRIDGES, J., for the Court:
¶ 1. Appellant, Andrew Ducksworth, appeals from a conviction on January 25, 1999, of the crime of constructive possession of cocaine in the Circuit Court of the Second Judicial District of Jones County, Mississippi. On January 29, 1999, a sentencing order was filed, signed by the Honorable Billy Joe Landrum, in which Ducksworth was ordered to serve three years in the custody of the Mississippi Department of Corrections. Ducksworth appeals from a denial of his motion for new trial on the theory that the evidence was insufficient as a matter of law to support the jury's verdict of guilty. The following is the sole issue on which Ducksworth seeks relief

I. THE VERDICT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE EVIDENCE WAS ALSO INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A VERDICT OF GUILTY OF POSSESSION OF COCAINE.

FACTS
¶ 2. On February 18, 1998, several officers at the Laurel Police Department had been asked to investigate reports of drug activities in a certain area of Laurel, Mississippi. During the time that the officers were present at the Laurel Housing Authority Projects in accordance with their investigation, Andrew Ducksworth was seated in the driver's seat of a parked Buick Regal located in the parking lot. The officers, noting suspicious activity, watched the car occupied by Ducksworth for some time. They observed that pedestrians in the area would walk over to the car, remain a few moments, and then leave. One of the officers testified that, at one point, a woman got into the passenger side of the car occupied by Ducksworth. A man, who had accompanied her to the car, stood outside of the car next to the passenger side door. At this time, the officers observed the driver crank the car as if to leave, but stopped the car a few *299 moments later and backed into the parking space once again.
¶ 3. The officers, growing more suspicious of what type of activity was taking place, approached the car, and Officer Eric Varnado asked the driver for his name. The driver replied that he was "Otis Williams." One of the other officers on the scene recognized the driver to be Ducksworth and informed Varnado that the driver was in fact Ducksworth rather than Otis Williams. Varnado then asked Ducksworth for his driver's license, but Ducksworth produced no license. Varnado subsequently placed Ducksworth under arrest and began a routine search of the vehicle. During the search, Varnado found a white bottle that was balanced carefully on the emergency brake of the car. He seized the bottle, opened it and discovered seven white rocks which were later confirmed to be crack cocaine. Ducksworth was then charged with constructive possession of the cocaine.
¶ 4. Ducksworth contends that there was not sufficient evidence to prove that the cocaine belonged to him or was in his possession because he was not the owner of the car that he was occupying and he was not aware of the presence of the cocaine. He maintains that he should not have been charged with possession because the cocaine was merely in proximity to his person. Therefore, Ducksworth argues that he should not have been convicted on this evidence.

STANDARD OF REVIEW
¶ 5. Our standard of review regarding a motion for new trial is stated in McClain v. State, 625 So.2d 774, 778 (Miss. 1993):
The challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion. Procedurally such challenge necessarily invokes Miss. Unif.Crim.R. of Cir. Ct. Prac. 5.16. New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion, and on review we accept as true all evidence favorable to the State.
McClain, 625 So.2d at 778. Regarding the legal sufficiency of the evidence, the standard of review is as follows:
[W]e must, with respect to each element of the offense, consider all of the evidencenot just the evidence which supports the case for the prosecutionin the light most favorable to the verdict. The credible evidence which is consistent with the guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. Matters regarding the weight and credibility to be accorded the evidence are to be resolved by the jury. We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fairminded jurors could only find the accused not guilty.
Wetz v. State, 503 So.2d 803, 808 (Miss. 1987).
¶ 6. When this Court analyzes a jury's verdict to determine whether it goes against the overwhelming weight of the evidence, we must keep in mind that the jury is the ultimate finder of fact. Id. This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the verdict of the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible. Groseclose v. State, 440 So.2d 297, 300 (Miss.1983). Mississippi law provides:
Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. They may believe or disbelieve, accept or reject the utterances of any witness. No formula dictates the manner in which jurors resolve conflicting testimony into finding of fact sufficient to support their verdict. That *300 resolution results from the jurors hearing and observing the witnesses as they testify, augmented by the composite reasoning of twelve individuals sworn to return a true verdict. A reviewing court cannot and need not determine with exactitude which witness or what testimony the jury believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution.
Groseclose, 440 So.2d at 300.

LEGAL ANALYSIS

I. THE VERDICT IS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE, AND THE EVIDENCE WAS ALSO INSUFFICIENT AS A MATTER OF LAW TO SUPPORT A VERDICT OF GUILTY OF POSSESSION OF COCAINE.
¶ 7. Ducksworth supports his position in this appeal with two cases out of the Mississippi Supreme Court: Ferrell v. State, 649 So.2d 831 (Miss.1995), and Cunningham v. State, 583 So.2d 960 (Miss. 1991). In Ferrell, the Mississippi Supreme Court reversed the defendant's conviction on possession of cocaine where the cocaine was found in a car the defendant was driving, but did not own. Ferrell, 649 So.2d at 833. The court ruled that because the defendant was not the owner of the car, the State was required to prove additional incriminating circumstances which would tend to show constructive possession of the cocaine. Id. at 835. Similarly, in Cunningham, the defendant had his conviction reversed on possession of cocaine where there was no corroborating incriminating evidence. Cunningham, 583 So.2d at 963.
¶ 8. We find that our instant case may be distinguished from both Ferrell and Cunningham because here there is further evidence brought forth by the State that tends to incriminate Ducksworth. The case of Curry v. State, 249 So.2d 414, 416 (Miss.1971), provides the applicable law on possession:
[T]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Curry, 249 So.2d at 416. Furthermore, there is a presumption that contraband found on the premises of which the defendant has possession subjects the defendant to constructive possession. Powell v. State, 355 So.2d 1378, 1379 (Miss.1978). However, this presumption is a rebuttable one. Id.
[W]here the contraband is found upon premises not in the exclusive control and possession of the accused, additional incriminating facts must connect the accused with the contraband. Where the premises upon which contraband is found is not in the exclusive possession of the accused, the accused is entitled to acquittal, absent some competent evidence connecting him with the contraband.
Id.
¶ 9. The State, in this case, offers this Court several other notable events and circumstances which the jury had for consideration and which convince us that Ducksworth may be sufficiently connected to the cocaine found in the Buick Regal that day. Those incriminating circumstances provided to this Court in the record are as follows:
1. Ducksworth was seated in a parked car in the late hours of the night in an area that the police knew to be popular for drug activity and hence, was the subject of the police investigation *301 taking place on February 18, 1998;
2. The officers who questioned Ducksworth had observed the suspicious activities going on around the car occupied by Ducksworth only moments before they approached him, arrested him and searched the car. The officers testified that a number of pedestrians were coming and going from the car, including one person who Officer Varnado knew to have prior drug violations;
3. Ducksworth immediately lied to the police upon being asked his identity and could not produce a valid driver's license to prove his identity;
4. Ducksworth told the officers that he had driven the car to take his girlfriend to work prior to being in the parking lot that morning and did not know of the presence of the white bottle containing cocaine. However, the bottle was carefully balanced on the emergency brake of the car when the officers found it, as if it was placed there when Ducksworth realized the presence of the officers.
¶ 10. At the trial of this matter in the circuit court, the jury apparently found that this further incriminating evidence was credible and chose to convict Ducksworth regardless of the fact that he was not the owner of the car. In accordance with the standard of review, we cannot assert that the jury was wrong in believing the State's evidence to be most credible. Groseclose, 440 So.2d at 300. It is only this Court's duty to determine whether it would be impossible for a reasonable juror to find Ducksworth guilty. Wetz, 503 So.2d at 808. We find that a reasonable juror, taking all of this evidence into account, would have adequate grounds to convict Ducksworth.
¶ 11. Ducksworth further argues that he is not guilty of the crime he is charged with here because a witness, Jessie Johnson, told the jury at trial that he (Johnson) was responsible for placing the cocaine in the car without Ducksworth's knowledge. Johnson claims he was paid by another man to do this as revenge against Ducksworth for dating his girlfriend. However, despite this would-be liberating testimony for Ducksworth, we find that the jury could easily justify its verdict to convict him. Ducksworth testified at trial that he had taken his girlfriend to work in the Buick Regal hours before his arrest. This testimony causes Johnson's testimony to be suspect, however, because Johnson testified that he placed the cocaine on the emergency brake of the car before Ducksworth took his girlfriend to work. We are dissuaded from asserting that a reasonable juror could not call into doubt the fact that Ducksworth could drive his girlfriend to work and back and not disturb the little white bottle of cocaine which was found by the officers to be carefully balanced on the emergency brake hours later when Ducksworth was arrested. Moreover, Johnson testified at trial that he placed the cocaine in a dark colored Chrysler Fifth Avenue, rather than a gray Buick Regal, which is the car that Ducksworth was found to be occupying upon his arrest, and where the cocaine was seized by the officers. It is no surprise to this Court then, that the jurors seemingly placed little, if any, credibility on Johnson as a witness. "[I]t is necessary to examine the evidence which contradicts or is inconsistent with [a party's] version of the events." Thornhill v. State, 561 So.2d 1025, 1030 (Miss.1989). We decline to speculate what motives Johnson may have had in proffering such testimony, as this is not our task. Instead, we look only to the feasibility that a reasonable juror could doubt such testimony, which we have concluded is, in our opinion, plausible. We reiterate the law provided in Wetz in order to illustrate our point, as we feel it bears repeating: the weight and credibility of the evidence, including testimony of witnesses, presented at trial are to be determined by the jury. Wetz, 503 So.2d at 808. This Court may not reverse the jury verdict unless the evidence considered is such that a "reasonable and fair-minded juror *302 could only find the accused not guilty." Id. We find this not to be the case here.
¶ 12. This Court shall not order a new trial for Ducksworth unless we are convinced that the verdict is "so contrary to the overwhelming weight of the evidence that, to allow it to stand, would be to sanction an unconscionable injustice." Groseclose, 440 So.2d at 300. In doing so, we must "accept as true the evidence which supports the verdict" and we may reverse only when we are persuaded that the lower court has abused its discretion in allowing the jury verdict to stand rather than granting a motion for a new trial. Thornhill, 561 So.2d at 1030. We note that the jury performed their duty at Ducksworth's trial in weighing all the evidence and deciding the case based on their evaluation of the weight and credibility of such evidence. Wetz, 503 So.2d at 808. Therefore, based on the proof before this Court that tends to support the jury's verdict declaring Ducksworth's guilt, and finding no evidence of an abuse of discretion on the part of the circuit court in allowing the verdict to stand, we affirm the denial of Ducksworth's motion for new trial and uphold his three year sentence to be served with the Mississippi Department of Corrections.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT OF JONES COUNTY OF CONVICTION OF CONSTRUCTIVE POSSESSION OF COCAINE AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.