¶ 1. Derrick Williams was found guilty in the Circuit Court of Copiah County of possession of crack cocaine. He was sentence to sixteen years with ten to serve, six suspended and five years supervised probation. Feeling aggrieved, he appeals his conviction stating the following as error.
 1. Whether the search was unreasonable and unlawful and therefore inadmissible; and
 2. Whether the trial court erred by not sustaining the objection to chain of custody.
 FACTS
¶ 2. Williams was stopped by Officer Lefleur and ticketed for speeding and not wearing his seatbelt. Office Palmer arrived on the scene and arrested Williams. Upon putting Williams in his patrol car, Palmer took off Williams' shoe and sock. At that point one rock of crack cocaine appeared. Palmer testified that he found the rock in Williams' shoe. Williams, however, testified that it was not in his shoe.
 STANDARD OF REVIEW
¶ 3. When reviewing a trial court's ruling on a suppression hearing, we must assess whether substantial credible evidence supports the trial court's finding considering the totality of the circumstances.Price v. State, 752 So.2d 1070 (¶ 9) (Miss.Ct.App. 1999), citingMagee v. State, 542 So.2d 228, 231 (Miss. 1989). The admissibility of evidence lies within the trial court's discretion and will only be reversed if this discretion is abused. Crawford v. State, 754 So.2d 1211, 1215 (¶ 7) (Miss. 2000).
¶ 4. "The relevancy and admissibility of evidence are largely within the discretion of the trial court and reversal may be had only where that discretion has been abused." Hentz v. State, 542 So.2d 914, 917 (Miss. 1989); Monk v. State, 532 So.2d 592, 599 (Miss. 1988). "The discretion of the trial court must be exercised within the boundaries of the Mississippi Rules of Evidence." Johnston v. State, 567 So.2d 237, 238 (Miss. 1990).
 DISCUSSION
¶ 5. In the record there is mention of a suppression hearing held to determine *Page 1212 
whether the evidence was obtained legally. Unfortunately there is no record of the suppression hearing from which we can offer a conclusion as to what transpired. It is the Appellant's duty to provide this Court with a complete record in order for us to perform a proper review. Handfordv. State, 736 So.2d 1069, 1072 (¶ 14) (Miss.Ct.App. 1999), quotingWinters v. State, 473 So.2d 452, 457 (Miss. 1985); see also Pate v.State, 419 So.2d 1324, 1325-26 (Miss. 1982). We cannot review what is not before us.
¶ 6. The concern is whether the search of Williams was performed legally. He was arrested for speeding. An officer is allowed to perform a search incident to an arrest. Ferrell v. State, 649 So.2d 831, 833 (Miss. 1995).
 In the case of a search incident to arrest, the exception to the warrant requirement is founded upon the reasonable concern that the arrestee might have a weapon on his person or within reach and that he may attempt to destroy evidence.
Id.
¶ 7. Ferrell was stopped for speeding and found to be driving with a suspended license. Id. at 832. The subsequent search of his automobile was illegal when the exercise of arresting Ferrell was completed as he was handcuffed, patted down and placed in the back of a police car. Id. The officer, by his action, was not concerned that Ferrell was a physical threat. Id. at 833.
¶ 8. In the instant case, we are presented with conflicting testimony as to what happened the day of the arrest. In addition, we are not concerned with a search of an automobile as in Ferrell. We are focused on the search of Williams' body. The judge allowed the evidence of crack cocaine to be introduced as is evident by the trial record. Nothing was provided to assist us in determining whether the decision by the judge was a sound one. We cannot review what is not before us.
¶ 9. As to the question of chain of custody, we find no obstacle. There is clear testimony as to the chain by several witnesses. The defense offers no proof to discredit the testimony other than conflicting testimony, which, as we have stated above is a question for the jury. Williams needed to demonstrate that there was an "indication or reasonable inference of probable tampering with the evidence . . ." but did not do so. Gilley v. State, 748 So.2d 123, 127 (¶) (Miss. 1999). It is the job of the jury to weigh the credibility of witnesses and their testimony, not ours. "Where there is conflicting testimony, the jury is the judge of the credibility of the witnesses," their testimony and the evidence presented. Wetz v. State, 503 So.2d 803, 812 (Miss. 1987). The jury opined that Williams was guilty. This issue is without merit.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY OFCONVICTION OF POSSESSION OF CRACK COCAINE WITH INTENT TO DISTRIBUTE ANDSENTENCE OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OFCORRECTIONS; TO SERVE TEN YEARS OF SAID SENTENCE WITH THE REMAINING SIXYEARS TO BE SUSPENDED FOR FIVE YEARS POST-RELEASE SUPERVISION AND A FINEOF $18,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THEAPPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR. *Page 1213