LEE, P.J.,
Dissenting:
¶ 19. With respect for the majority, I must dissent as I find that the trial court correctly denied Jamie Lee Anderson’s motion to suppress the evidence of narcotics.
*763 ¶ 20. In Minnesota v. Dickerson, 508 U.S. 366, 371, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), the United States Supreme Court addressed the question of “whether contraband detected through the sense of touch during a pat[-]down search may be admitted into evidence.” As the majority points out, the Supreme Court held that “[i]f a police officer lawfully pats down a suspect’s outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect’s privacy beyond that already authorized by the officer’s search for weapons....” Id. at 375, 113 S.Ct. 2130. The “plain-feel” doctrine requires that the police officer must have probable cause to believe that the substance was contraband. See id. at 376, 113 S.Ct. 2130 (“Regardless of whether the officer detects the contraband by sight or by touch, however, the Fourth Amendment’s requirement that the officer have probable cause to believe that the item is contraband before seizing it ensures against excessively speculative seizures.”) (footnote omitted).
¶ 21. Looking at the totality of the circumstances in this case, I would find that the police officer had probable cause to believe the pill bottle contained contraband. Deputy Barry Truett was justified in performing a pat-down search of Anderson to ensure the safety of the officers present. Deputy Truett testified that he immediately recognized the object in Anderson’s pocket as a pill bottle because he had “felt a gazillion pill bottles.” Knowing that he was in a house where narcotics were frequently sold, Deputy Truett removed the pill bottle and then in plain view saw that it contained narcotics. Considering the surrounding circumstances, I find that Deputy Truett had probable cause to believe the pill bottle may have contained an illegal substance. Therefore, he was justified in removing the pill bottle from Anderson’s pocket.
¶ 22. The majority relies on Ferrell v. State, 649 So.2d 831, 834 (Miss.1995) for the proposition that the seizure of a pill bottle from a person’s pocket does not fit the plain-view or plain-feel exception to the warrant requirement. Finding that Ferrell is distinguishable from the case at hand, I find that the majority’s reliance on it is misplaced. In Ferrell, the defendant was pulled over in his vehicle for speeding. Id. at 832. The defendant was frisked and put in the back of a patrol car. Id. While in the patrol car, the defendant asked the police officer to retrieve his keys from his car. Id. When the police officer returned to the defendant’s car, he noticed a matchbox on the passenger’s seat. Id. He testified that from his experience he knew that narcotics were often found in matchboxes. Id. The officer lifted the matchbox and found a yellow pill. Id. He then found another matchbox between the front seats. Id. He opened the matchbox and found that it contained crack cocaine. Id. at 832-33.
¶ 23. Ferrell is distinguishable from the case at hand because in Ferrell, the matchbox was not found during a pat-down search for weapons; rather, it was found after the suspect was in custody. Furthermore, the matchbox, unlike the pill bottle in this case, was not clear, so once in plain view, its contents were not known without further investigation for which there was no warrant. I cannot find that during a pat-down search, a law enforcement officer is required to ignore an object that he or she has probable cause, through his or her experience, to believe contains narcotics. Therefore, I would affirm the judgment of the trial court.
MYERS, P.J., AND CARLTON, J., JOIN THIS OPINION.