KITCHENS, Justice,
dissenting:
¶26. As a matter of law, proximity alone is insufficient to show constructive possession, without additional incriminating circumstances. Curry v. State, 249 So.2d 414, 416 (Miss.1971). Because the plurality’s conclusion is inconsistent with this well-settled principle, I respectfully dissent.
¶ 27. There is no dispute that, because Glidden did not physically possess the marihuana, he was tried and convicted under a theory of constructive possession. Where, as here, the contraband is found in a place not owned by the accused, physical proximity alone is insufficient, as a matter of law, to sustain a finding of constructive possession. Cunningham v. State, 583 So.2d 960, 962 (Miss.1991). “Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.” Curry, 249 So.2d at 416. The State must put forth sufficient evidence to prove that the defendant exercised dominion and control over the contraband. Jackson v. State, 689 So.2d 760, 767 (Miss.1997) (citations omitted). If the State cannot provide evidence, in addition to proximity, that connects the defendant to the contraband, the accused is entitled to acquittal. Cunningham, 583 So.2d at 962 (citations omitted).
¶ 28. The Court of Appeals recognized that the mere presence of the marihuana in the vehicle was not sufficient to sustain Glidden’s conviction, but found that the requirement for additional evidence was satisfied by the testimony presented at trial. Glidden, 74 So.3d at 355. In reaching its decision, the Court of Appeals reasoned:
Glidden had been driving the truck for approximately thirty minutes with a large bag of marijuana directly under his feet. According to the testimony of both Detective Compston and Sergeant Goodman, the clear plastic bag was on the driver’s side floorboard and was immediately visible through the truck window. Glidden admitted that the truck was small and that a bag that large would have been easily seen by him. From the evidence presented, reasonable jurors could have concluded that Glidden was guilty of possession of a controlled substance.
Id. In other words, the appeals court surmised that there was sufficient evidence that Glidden must have seen the bag of marihuana on the floorboard despite his repeated insistence that he had not seen the drug while he was driving the truck, and that it may have come from under the seat when he applied the brakes.
¶ 29. This, however, cannot provide sufficient evidence of “other incriminating circumstances.” Curry, 249 So.2d at 416. Even if we could ascertain from the record precisely where the drug was located while Glidden was driving the truck, or whether *351 he should have noticed the plastic bag, there still would be a lack of evidence to support Glidden’s conviction. As this Court stated in Ferrell v. State, 649 So.2d 831, 835 (Miss.1995), “the State must show additional circumstances which are actually incriminating in order to establish constructive possession.” “There must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.” Curry, 249 So.2d at 416.
¶ 30. The plurality reasons that “[t]he jury had every right to consider all the evidence and conclude that Glidden was not telling the truth when he testified he had no idea the marihuana was in the truck he had been driving for thirty minutes.” Plur. Op. at ¶ 21. Thus, the opinion ascribes significance to whether Glid-den was able to see the marihuana in the borrowed vehicle and concludes that he must have noticed it. But what if he did? It is not illegal to see contraband, or even to be in close proximity to it. To observe an illegal commodity is not to possess it, in the absence of evidence that the observer did more than merely look at the contraband; there must be some articulable indi-cia of ownership and/or control. Here there is no such evidence, save and except the plurality’s suspicion, which apparently is born of its “common sense” analysis of nonexistent proof that Glidden criminally possessed the marihuana in Buckner’s pickup. It simply is not against the law for one person to look at an illegal item that is in another person’s truck; and even if he lies about whether he saw it, his falsehood provides no evidence of criminal possession. In sum, it just does not matter whether Glidden was aware of the marihuana’s presence before it was discovered by the arresting officers.
¶ 31. In Ferrell, the defendant was pulled over while operating a vehicle that he did not own, but of which he had been in possession for fifteen hours. Id. Ferrell was convicted under the theory of constructive possession after cocaine was found in a matchbox located next to the driver’s seat. Id. On appeal, this Court reversed Ferrell’s conviction and sentence, holding that “[t]he circumstances in this case in no way appear incriminating. No drug paraphernalia was found in the car, Ferrell was not on drugs at the time he was arrested, and his fingerprints were not found on the matchbox.” Id. Further, “Ferrell’s possession of the car for a mere fifteen hours does not qualify as an incriminating circumstance.” Id.
¶ 32. More recently, in Blissett v. State, 754 So.2d 1242, 1244 (Miss.2000), this Court upheld a finding of constructive possession where the evidence, in addition to proximity, strongly supported an inference that the accused was both aware of the presence of the marihuana in the vehicle and intentionally in possession of it. In Blissett, the defendant was convicted of possession after a large amount of marihuana was found in the rental car he was driving. Id. at 1243. On appeal, the Court held that the finding of constructive possession was justified, stating that “the arresting officer ... testified to smelling a strong, overpowering odor of unburned marijuana as he approached the vehicle and that air fresheners were scattered throughout the vehicle.” Id. at 1244. The Court also found that “Blissett’s nervous demeanor at the time of the stop was inconsistent with a lack of knowledge of marijuana in the car.” Id. '
¶ 33. The kinds of incriminating circumstances that warranted a finding of constructive possession in Blissett are absent in the case at hand. Id. at 1243. Unlike Blissett, there was nothing, such as an *352 odor, to alert Glidden to the presence of the marihuana in the truck. In this case, unlike Blissett, it is completely plausible that Glidden had driven the truck for a short time without any indication that the drug was in the vehicle. Also, unlike Blis-sett, there was no testimony that Glidden had acted in any way that was inconsistent with his assertion that he was unaware the marihuana was in the vehicle. Id. At trial, Glidden consistently maintained that he never saw the ziplock bag. In fact, he insisted that, had it been in the position in which the officers recalled seeing it in the stopped vehicle, he could not have driven the truck.
¶ 34. The facts of this case are analogous to those in Ferrell, 649 So.2d at 835, as the only incriminating evidence established at trial was that Glidden was in the vicinity of the marihuana. Here, as in Ferrell, the State presented no independent incriminating evidence. No drug paraphernalia was found in the pickup or on Glidden’s person, and there was no indication from his behavior that he was on drugs. The truck belonged to a customer of Glidden, and he had possession of it for about thirty minutes while he was making an emergency service call that he had not expected to occur.
¶ 35. As a matter of law, constructive possession is not established where “the only evidence connecting the defendant to the controlled substance was his presence in the car where the substance was found.” Dixon v. State, 953 So.2d 1108, 1115 (Miss.2007) (citing Jones v. State, 693 So.2d 375, 377 (Miss.1997)). Should the plurality’s contrary holding attain force-of-law status in future cases, borrowing a vehicle will become a very risky enterprise in the State of Mississippi.
¶ 36. While the plurality opinion recognizes that Glidden was convicted under a theory of constructive possession, it stops short of analyzing our well-established law on that issue and fails to point to additional incriminating evidence that might support a conviction. However, the plurality quotes Instruction S-2, which informed the jury that constructive possession could be established if the defendant “should have been aware” of the drug’s presence and character. This suggests that we are crafting a new legal standard, because, notwithstanding the defendant’s lack of objection, Instruction S-2 is not a correct statement of applicable law. See Miss. Model Jury Instructions: Criminal § 3:21 (2010) (“A person has constructive possession when he or she lacks actual possession of the thing or object but knowingly has both the power and the intention, at a given time, to exercise control or dominion over the thing or object, either directly or through another person.”). What a defendant should have known may be sufficient knowledge for civil liability; but this Court has never held that it is sufficient to prove a defendant guilty of drug possession. See e.g., Hyundai v. Applewhite, 53 So.3d 749, 759 (Miss.2011) (“To support a defective design claim, the plaintiff must prove that ... ‘[t]he manufacturer or seller knew, or in light of reasonably available knowledge or in the exercise of reasonable care should have known, about the danger that caused the damage for which recovery is sought ....’”) (emphasis added) (quoting Miss.Code Ann. § 11 — 1—63(f)(i) (Rev. 2002)).
¶ 37. In cases where contraband is found on premises not owned by the defendant, the State cannot meet its burden of proof by relying on proximity alone. Dixon, 953 So.2d at 1111. The mere presence of the marihuana in the truck, absent “other incriminating circumstances,” is insufficient to sustain Glidden’s conviction. Because there is no additional evidence in the record to support a finding of constructive *353 possession, and the plurality cites none, we should reverse both the Court of Appeals and the Circuit Court of the First Judicial District of Harrison County and render judgment in favor of Glidden.
WALLER, C.J., DICKINSON, P.J., AND CHANDLER, J„ JOIN THIS OPINION.