573 So.2d 689 (1990)
Albert Mosely FULTZ, II
v.
STATE of Mississippi.
No. 89-KA-0380.
Supreme Court of Mississippi.
December 12, 1990.
Paul R. Scott, Wilroy Scott & Rutherford, Hernando, for appellant.
Mike C. Moore, Atty. Gen., W. Glenn Watts, Sp. Ass't. Atty. Gen., Jackson, for appellant.
Before DAN M. LEE, P.J., and ROBERTSON and BLASS, JJ.
BLASS, Justice, for the court:
The defendant was convicted of possession with intent to sell more than one ounce of marijuana and sentenced to ten years in prison with seven years suspended. Also the court ordered the defendant to pay a $3,000 fine. On appeal he asserts that there was insufficient evidence to establish that: (1) he knowingly or intentionally possessed the marijuana, or (2) had any intent to sell, barter, transfer, distribute or dispense, as required under Miss. Code Ann. § 41-29-139(a)(1) (Supp. 1990). Because we find that this case should be reversed we will discuss only the defendant's first assignment of error.
On June 29, 1988, an officer with the Horn Lake, Mississippi, police department observed an automobile driving erratically. He pulled it over. The driver of the car and only occupant was the defendant, Albert Fultz. After failing three field sobriety tests, the defendant was arrested and taken to the police station. Later, the officer *690 returned to the vehicle to perform an inventory search.[1] While searching the trunk the officer opened a blue duffel bag. The duffel bag contained three large, clear plastic bags. All of these bags contained smaller bags, eleven in all, with marijuana in them. It was later determined that this marijuana weighed seven and a half ounces. The vehicle belonged to the defendant's sister and at trial he denied any knowledge of the contraband in the trunk.
The officer returned to the police station and arrested the defendant for having this contraband in the trunk. Before transporting the defendant to the Desoto County Jail, the officer searched the defendant and found a small amount of marijuana in his wallet in a small plastic envelope.[2]

Analysis
First the defendant argues that the proof was insufficient to prove that he "knowingly and intentionally" possessed the marijuana. As noted, he denied having any knowledge of the marijuana in the trunk. The state counters that constructive possession was proven because of the defendant's dominion and control over the contraband and the presence of other incriminating factors.
The doctrine of constructive possession is a legal fiction used by courts when actual possession cannot be proven. Relying on Curry v. State, 249 So.2d 414 (Miss. 1971), commentators Whitebread and Stevens classified Mississippi among the jurisdictions in which "proximity" coupled with any other scintilla of evidence of possession established constructive possession. See, generally, C. Whitebread & R. Stevens, Constructive Possession, 58 Va.L.Rev. 751, n. 26 (1972). In that case, this Court adopted the fiction and articulated the test to be applied to the proof as follows:
there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subjected to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

Curry v. State, 249 So.2d 414, 416 (Miss. 1971). (emphasis added)
That the defendant had dominion or control over the marijuana, as that term has been defined by this Court, cannot be seriously disputed. See, Boches v. State, 506 So.2d 254, 259 (Miss. 1987) (defendant was sole occupant of the car, but not the owner, when marijuana was discovered in trunk). In this case the vehicle belonged to the defendant's sister. He was the only occupant of the car at the time it was stopped but had been driving alone for only four hours. He had a key to the trunk. Before that time the defendant's sister had been driving the car. Incidentally, she was not at the trial nor was she even questioned about the contents of the car when she picked it up from the police after the arrest.
However, when the defendant is not the owner of the premises the state must show additional incriminating circumstances to justify a finding of constructive possession.[3]Boches, supra, 506 So.2d at 259 ("This is not a case where the presumption of constructive possession arises based on the ownership of the automobile because Boches was not the owner."). The same is true when a defendant is not in exclusive possession of the premises, as in *691 this case. In Powell v. State, 355 So.2d 1378 (Miss. 1978) this Court held that in such cases a defendant is entitled to acquittal "absent some competent evidence connecting him with the contraband." Id. at 1379. In Hudson v. State, 362 So.2d 645 (Miss. 1978) this Court reversed the conviction of a defendant found asleep in a vehicle that had marijuana secreted under the hood. Another person owned the car. The court noted that even if the proximity requirement were satisfied reversal was required because there was a total absence of other incriminating circumstances. Id. at 647.
In this case, the only additional incriminating circumstance was that the defendant had a small amount of marijuana on his person at the time of the arrest. We hold that this factor, standing alone, is insufficient to prove any connection between the contraband and this defendant. The other facts that the state relies on to prove a connection between the contraband and this defendant are that he admitted smoking marijuana and that he had made several "unexplained stops during the night" and that it would be illogical for someone to leave their drugs in a vehicle that someone else would drive. We fail to see how these "facts" tend to connect the defendant to the drugs.
Evidence of such a questionable quality cannot take the place of good police work. We cannot help but wonder why the police department failed to dust the trunk for fingerprints or for that matter the bags themselves. Also why didn't they try to determine if the defendant owned the duffel bag or any of the other items in the trunk. This could have bolstered their case considerably. It also would have been helpful to question the owner of the car. In light of this poor police work, and the absence of any evidence connecting the defendant with the trunk or any of its contents, we have no choice but to reverse this conviction and discharge the defendant.
REVERSED AND APPELLANT DISCHARGED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] The defendant does not challenge the legality of the inventory search.
[2] The defendant does not deny knowledge of this marijuana, only the marijuana that was seized from the trunk. The defendant was charged with a misdemeanor for possession of this smaller amount and prosecuted in a separate proceeding.
[3] The owner of premises is presumed to be in constructive possession of articles found in or on the property possessed. See Poole v. State, 483 So.2d 331, 336 (Miss. 1986) quoting Hamburg v. State, 248 So.2d 430, 432 (Miss. 1971).