# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2001-KA-00281-COA

**FRANK DAVIS**                                                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                **APPELLEE**

| | |
|---|---|
| DATE OF TRIAL COURT JUDGMENT: | 01/24/2001 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROSS R. BARNETT JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | DOUG EVANS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | POSSESSION OF MORE THAN ONE KILOGRAM BUT LESS THAN FIVE KILOGRAMS OF MARIHUANA: SENTENCED TO SERVE A TERM OF 20 YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS. |
| DISPOSITION: | AFFIRMED - 3/19/2002 |
| MOTION FOR REHEARING FILED: | ; denied 5/28/2002 |
| CERTIORARI FILED: | |
| MANDATE ISSUED: | 6/18/2002 |

BEFORE McMILLIN, C.J., BRIDGES, AND IRVING, JJ.

BRIDGES, J., FOR THE COURT:

## PROCEDURAL HISTORY

¶1. Frank Davis was indicted in the Circuit Court of Grenada County for possession of a controlled substance, more than one kilogram but less than five kilograms of marijuana, in violation of Mississippi Code Annotated section 41-29-139(c)(2)(F) (Rev. 2001). He was found guilty by a jury of his peers and sentenced to twenty years in the custody of the Mississippi Department of Corrections. Davis's motions for judgment notwithstanding the verdict or, in the alternative, motion for a new trial were overruled. Davis, feeling aggrieved, perfected his appeal and comes before this Court citing two issues:

**I. DID THE TRIAL COURT ERR IN DENYING ALL PEREMPTORY MOTIONS AND WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE? AND**

**II. WHETHER DAVIS'S SENTENCE WAS EXCESSIVE AND UNCONSTITUTIONAL.**

¶2. Finding no error, we affirm.

## STATEMENT OF THE FACTS

¶3. The Mississippi Bureau of Narcotics (MBN) received reliable information that a possible drug transaction was to occur in Grenada, Mississippi. The informant was a police officer in Houston, Texas, who had a suspected drug distribution center in Houston under surveillance. During the surveillance, Frank Davis was seen carrying a dark colored duffel bag in the company of two men known to the Houston Police Department as drug traffickers. According to the informant, a blue Nissan Maxima, with Tennessee license plate number "CGT 311," was to arrive in Grenada carrying drugs for local distribution. MBN Agent Hamilton testified that he found the blue Nissan with the same Tennessee license plate in a parking lot in Grenada. When stopped and questioned, the occupant of the car, Frank Davis, denied having been out of state. A dark colored duffle bag was visible in the back seat of the car. Davis does not challenge the validity of the stop.

¶4. A trained drug dog indicated that there were narcotics inside the vehicle. Davis refused consent to search the vehicle and left the scene, leaving the vehicle in the care of the MBN agents. The vehicle was taken to the police narcotics office in Grenada and searched, pursuant to a valid search warrant. Three thick compressed bricks of marijuana, collectively weighing 4,528 grams, were found inside the duffel bag. Other incriminating evidence was also found inside the vehicle and duffle bag including driving directions from Grenada to Houston, Texas, a weigh scale, personal and certified mail addressed to Frank Davis, photographs of Davis and friends, a rental agreement for the blue Nissan with Davis listed as the renter, and clothing which Davis identified as belonging to him. Furthermore, Davis acknowledged that the duffle bag and the items contained inside of it belonged to him.

## STANDARD OF REVIEW AND DISCUSSION

**I. DID THE TRIAL COURT ERR IN DENYING ALL PEREMPTORY MOTIONS AND WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?**

¶5. A motion for judgment notwithstanding the verdict (JNOV) challenges the legal sufficiency of the evidence supporting the guilty verdict. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993); *Butler v. State*, 544 So. 2d 816, 819 (Miss. 1989). A motion for new trial challenges the weight of the evidence. *McClain*, 625 So. 2d at 781.

¶6. Our standard for reviewing challenges to convictions based on sufficiency of the evidence is well established. The Mississippi Supreme Court has stated:

> [T]he sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [the defendant's] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from

the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury.

*McClain,* 625 So. 2d at 778 (citations omitted). We reverse when, with respect to an element of the offense charged, the evidence is such that reasonable and fair-minded jurors could only find the accused not guilty. *Id.*; *Wetz v. State,* 503 So. 2d 803, 808 (Miss. 1987).

¶7. The standard of review in determining whether a jury verdict is against the overwhelming weight of the evidence is also well settled. "[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." *Collins v. State*, 757 So. 2d 335, 337 (¶5) (Miss. Ct. App. 2000) (quoting *Dudley v. State*, 719 So. 2d 180, 182 (¶9) (Miss. 1998)). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." *Collins*, 757 So. 2d 337 (¶5) (citing *Griffin v. State*, 607 So. 2d 1197, 1201 (Miss. 1992)). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." *Collins*, 757 So. 2d 337 (¶5) (quoting *Dudley*, 719 So. 2d at 182).

¶8. Davis argues on appeal that the evidence presented by the State was not sufficient to support a guilty verdict. Specifically, he contends the State failed to prove constructive possession of the marijuana and therefore Davis could not be convicted of the possession charge. The State rebuts that there was sufficient credible and corroborated evidence in support of the jury's finding that Davis was in constructive, if not actual, physical possession of the more than ten pounds of marijuana found in his duffle bag.

¶9. Constructive possession is a legal fiction set out by the Mississippi Supreme Court in *Curry v. State*, 249 So. 2d 414 (Miss. 1971). Specifically,

> there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.

*Id.* at 416.

¶10. When the defendant is not the owner of the premises the State must show additional incriminating circumstances to justify a finding of constructive possession. *Boches v. State*, 506 So. 2d 254, 259 (Miss. 1987). The same is true when a defendant is not in exclusive control of the premises. *Id.* Therefore, in such cases a defendant is entitled to an acquittal "absent some competent evidence connecting him with the contraband." *Powell v. State*, 355 So. 2d 1378, 1379 (Miss. 1978).

¶11. Davis relies heavily, although in error, on *Fultz v. State*, 573 So. 2d 689 (Miss. 1990). In *Fultz*, the defendant was the sole occupant of the car, but not the owner, when marijuana was discovered in the trunk. Fultz had a key to the trunk but he was not the only driver of the car on the day in question. *Id.* at 690. The only additional incriminating circumstance was that the defendant had a small amount of marijuana on his person at the time of the arrest. *Id.* Our supreme court ordered that this evidence was not credible to warrant a conviction, thereby reversing the trial court. *Id.* at 691.

¶12. The *Fultz* case is distinguishable from the case at bar. Testimony at trial linked Davis and only Davis

to the marijuana. MBN Agent Hamilton specifically testified that the agents did not find anything in the vehicle or the bag that would link any other suspect to the crime. The blue Nissan found in Grenada was the same blue Nissan with the same Tennessee license plate seen in Texas. Furthermore, the Texas police officer linked Davis to the duffle bag found in the back seat, not the trunk, of the blue Nissan. Davis admitted that the bag belonged to him. Additionally, all of the personal information found in the bag belonged to Davis, a fact he does not dispute. Although Davis was not the owner of the blue Nissan, he was listed as the renter as per the car rental agreement also found in the vehicle.

¶13. It is apparent from the record that there was abundant evidence presented during trial implicating Davis's guilt. Accepting as true all evidence favorable to the State, the record shows that the other incriminating evidence involved in the case is overwhelmingly in the State's favor. When reviewing the evidence in the light consistent with the verdict and giving the State all favorable inferences which may be drawn from the evidence, this Court finds that the verdict was not against the overwhelming weight of the credible testimony. Accordingly, this issue lacks in merit, and the verdict of the jury will not be disturbed.

## II. WHETHER DAVIS'S SENTENCE WAS EXCESSIVE AND UNCONSTITUTIONAL.

¶14. Davis argues that his sentence of twenty years in the custody of the Mississippi Department of Corrections is excessive, manifestly disproportional to the crime committed and violative of the cruel and unusual punishment prohibition of the United States Constitution. However, he does recognize that the general rule in Mississippi is that a sentence should not be disturbed on appeal so long as it does not exceed the maximum allowed by statute. *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992).

¶15. The sentencing of the offender is within the discretion of the trial judge. *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996). The trial judge's decision will not be disturbed on appeal if the sentence is within the term provided by statute. *Davis v. State*, 724 So. 2d 342, 344 (¶10) (Miss. 1998). The statute for possession of marijuana, more than one kilogram but less than five kilograms, dictates that a sentence can run from no less than six years to no more than twenty-four years. Miss. Code Ann. § 41-29-139(c)(2)(F) (Rev. 2001).

¶16. The legislature gave the sentencing power to the trial judge to allow judges room to exercise their own sound judgment in the cases coming before them. Judge Loper exercised this power and chose to sentence Davis to a term less than the maximum allowed by statute. Davis was convicted of bringing more than ten pounds of marijuana into Mississippi for local distribution. In his argument to this Court, Davis questions the logic of sentencing a productive member of society to two decades in the penitentiary. He also questions how those who relied upon him for support will be able to survive. Unfortunately, these are questions Davis should have asked himself before traveling to Texas to bring a substantial amount of drugs back to Mississippi. His sentence is not disproportionate to the crime or excessive in nature. This argument is without merit.

¶17. **THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE MORE THAN 1 KILOGRAM BUT LESS THAN FIVE KILOGRAMS OF MARIHUANA AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000, AND DRIVER'S PRIVILEGES SUSPENDED FOR SIX MONTHS IS AFFIRMED. THE SENTENCE IMPOSED IN THIS CAUSE SHALL RUN CONSECUTIVELY TO ANY SENTENCE PREVIOUSLY IMPOSED. THE COSTS OF THIS**

APPEAL ARE ASSESSED TO THE APPELLANT.

McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.