KING, P.J.,
for the Court.
¶ 1. Andre Lenoir was found guilty in the Lincoln County Circuit Court of possession of at least 4.4 grams of cocaine with intent to distribute. He was sentenced to serve a term of twenty-four years in the custody of the Mississippi Department of Corrections, with this sentence to run consecutively to any other sentence imposed. Aggrieved by his conviction, Lenoir has appealed and raised the following issues:
I. Whether the trial court erred in denying Lenoir’s motion for judgment notwithstanding the verdict, or in the alternative, a new trial.
II. Whether the trial court erred in allowing a supervisor from the Mississippi Crime Lab to testify as to the report of another analyst who actually tested the substance in question.
FACTS
¶ 2. On October 9, 1999, at approximately 12:24 a.m., the Lincoln County Sheriffs Department was conducting a roadblock to check driver’s licenses. Lenoir was a passenger in the vehicle driven by Williard Breland, which approached the roadblock.
¶ 3. Officer Lance Falvey, a deputy sheriff with the Lincoln County Sheriffs Department, asked Breland for his driver’s license. Breland indicated that he did not possess a valid driver’s license. Upon noticing a bulge in Breland’s sock due to the way he was seated, Officer Falvey asked Breland what did he have in his sock. Breland stated that it was a socket. At the officer’s request, Breland handed the item to the officer, who noticed that the socket was packed with a screen, in one end. Officer Falvey indicated that in its altered form, this item is known on the street as a crack pipe. At Officer Falvey’s *847 request, Breland stepped out of the car and was placed under arrest.
¶ 4. Once Breland was handcuffed, Officer Falvey instructed Lenoir “to place his hands on the dashboard of the car and not to move.” The officer asked Lenoir what was his name, but Lenoir did not respond. As the officer attempted to approach the passenger side, Lenoir slid into the driver’s seat, started the engine, and fled the scene. Officer Falvey followed Lenoir. After the pursuit, Lenoir wrecked the car and attempted to leave the scene on foot. After being apprehended, Lenoir was placed under arrest.
¶ 5. After capturing Lenoir, Officer Fal-vey and another officer approached the wrecked car and discovered “a large scattering of white rock like substance” over the entire front seat that was not seen in the vehicle at the roadblock. Officer Fal-vey testified that “the seats were very clean” when he looked into the car at the roadblock. At trial, Officer Falvey indicated that he did not know where the substance came from nor to whom it belonged.
¶ 6. In January 2000, Lenoir was indicted for possession of at least 4.4 grams of cocaine with intent to distribute.
¶ 7. At trial on September 29, 2000, Lenoir was found guilty and sentenced to twenty-four years in the custody of the Mississippi Department of Corrections, with this sentence to run consecutively to any other sentence and ordered to pay a fine and court costs.
ISSUES AND ANALYSIS
I.
Whether the trial court erred in denying Lenoir’s motion for judgment notwithstanding the verdict, or in the alternative, a new trial.
¶ 8. Lenoir asserts that the trial court erred in denying his motion for judgment notwithstanding the verdict, or in the alternative, a new trial.
¶ 9. In reviewing the denial of a motion for judgment notwithstanding the verdict, or in the alternative, a new trial, this Court adheres to the following:
The standard of review is the same for both directed verdicts and judgments notwithstanding the verdict. This Court has set forth the standard as follows:
Once the jury has returned a verdict of guilty in a criminal case, we are not at liberty to direct that the defendant be discharged short of a conclusion on our part that given the evidence, taken in the light most favorable to the verdict, no reasonable, hypothetical juror could find beyond a reasonable doubt that the defendant was guilty.
The motion for a new trial, however, is a different animal. As distinguished from a motion for directed verdict or a motion for judgment notwithstanding the verdict, a motion for a new trial asks that the jury’s guilty verdict be vacated on grounds related to the weight, not sufficiency, of evidence. “We will not order a new trial unless convinced that the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand, would be to sanction an unconscionable injustice.” Furthermore, “the Supreme Court will reverse the lower court’s denial of a motion for new trial only if, by denying, the court abused its discretion.”
Sullivan v. State, 749 So.2d 983(¶¶ 24-25) (Miss.1999) (citations omitted).
¶ 10. In this case, Lenoir claims that the State failed to provide sufficient evidence that he possessed any dominion and control over the controlled substance beyond a reasonable doubt. He maintains that the vehicle did not belong to him nor *848 to the driver and that the substance was not readily visible to him as a passenger. Lenoir asserts that the officers who testified could not say that the cocaine belonged to him because it was not found on his person. Lenoir suggests “that the force of the wreck of the vehicle caused the cocaine to become the ‘scattering’ that the officers found.”
¶ 11. A charge of drug possession may be based upon a showing of actual physical possession or constructive possession. Davis v. State, 817 So.2d 593(¶ 9) (Miss.Ct.App.2002). Constructive possession requires that:
[T]here must be sufficient facts to warrant a finding that defendant was aware of the presence of the particular substance and was intentionally and consciously in possession of it. It need not be actual or physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
Martin v. State, 804 So.2d 967(¶ 7) (Miss.2001) (citation omitted).
¶ 12. In this instance, the evidence shows (1) that Lenoir was a passenger in the vehicle, (2) when the officer looked into the vehicle at the roadblock, the front seat was clean, (3) when the officer approached the passenger side, Lenoir moved to the driver’s seat, started the engine, and attempted to flee, (4) that after Lenoir wrecked the vehicle, the officers found a white rock like substance scattered on the front seat, and (5) that upon being asked whether he used cocaine, Lenoir stated that he was a user, not a seller.
¶ 13. Accepting these facts as true, the jury could have reasonably found Lenoir to be in constructive possession of cocaine. Because there existed reasonable evidence upon which a jury could have found constructive possession, this Court finds no merit in this issue.
II.
Whether the trial court erred in allowing a supervisor from the Mississippi Crime Lab to testify as to the report of another analyst who actually tested the substance in question.
¶ 14. Lenoir asserts that the trial court erred in allowing the testimony of Monica Ardis from the Mississippi Crime Lab as to the report of another analyst who actually tested the substance in question. .
¶ 15. Ms. Ardis was recognized as an expert witness pursuant to Mississippi Rule of Evidence 702[1] in the field of forensic science specializing in substance identification. The trial court indicated that pursuant to Mississippi Rule of Evidence 703,[2] experts are allowed to base their opinion on things reasonably used by them to form these opinions. Ardis testified that she was a supervisor in the drug analysis unit and that she trained Felicia Hobson, an ex-employee of the Mississippi *849 Crime Lab who actually conducted the substance tests. Ardis indicated that she reviewed all of Ms. Hobson’s data. Lenoir raised an objection to Ardis’ testimony, stating that “Ms. Ardis did not conduct the chemical analysis, is not the person who conducted the drug test.” The objection was overruled.
¶ 16. The State relied on Gray v. State, 728 So.2d 36(¶¶ 88-85) (Miss.1998), which allowed DNA supervisors who qualified as experts to testify regarding test results conducted by others in the lab. In the present case, the trial court recognized Ardis as an expert witness, who was an employee of the Mississippi Crime Lab at the time the test was performed. Ms. Ardis trained the former employee that performed the actual tests and supervised the former employee’s work “on a regular basis.” The trial court determined that Ardis’ testimony would be based on “the machine’s reading and the notes of the analyst,” and was therefore admissible pursuant to Mississippi Rule of Evidence 703.
¶ 17. The admissibility and relevancy of the evidence are within the discretion of the trial court and, absent an abuse of that discretion, the trial court’s decision will not be disturbed on appeal. McCoy v. State, 820 So.2d 25(1115) (Miss.Ct.App.2002). This Court has previously held that such testimony is admissible under these circumstances. Byrd v. State, 741 So.2d 1028(¶¶ 22-23) (Miss.Ct.App.1999). Therefore, this Court finds that the trial court has not abused its discretion in allowing Ardis’ testimony.
¶ 18. This Court notes that after trial, the jury returned a verdict of guilty. The court then proceeded to dictate the sentence into the record, which read, “I hereby sentence you to a term of twenty-four (24) years in the custody of the Mississippi Department of Corrections, direct that you pay a fine of $5,000.00 and pay court costs. This will run consecutively to any other sentence.”
¶ 19. A formal sentencing order was entered on October 2, 2000, which provided, “[c]ame the district attorney who prosecutes for the state and the defendant, in his own and proper person and represented by counsel, who entered a plea of guilty on a former day of this regular term to a charge of possession of at least 4.4 grams of cocaine with intent to distribute and being placed before the bar of the court and asked if he had anything to say why sentence of the law should not be pronounced against him and he says naught. It is therefore considered by the court and so ordered and adjudged that the said defendant for such his crime of possession of at least 4.4 grams of cocaine with intent to distribute be sentenced into the custody of the Mississippi Department of Corrections for and during a space of twenty-four (24) years. This sentence will run consecutive to any other sentence given.” On March 25, 2002, this order was corrected to show that Lenoir was convicted by a jury rather than having entered a plea of guilty.
¶ 20. The corrected sentencing order entered nunc pro tunc March 25, 2002, provided, “[c]ame the district attorney who prosecutes for the state and the defendant in his own proper person and represented by counsel, who on a former day of this term of circuit court was found guilty by a jury of the charge of possession of at least 4.4 grams of cocaine with intent to distribute. It is therefore ordered and adjudged that the said defendant for such his crime of possession of at least 4.4 grams of cocaine with intent to distribute be sentenced into the custody of the Mississippi Department of Corrections for and during the space of twenty-four (24) years. This *850 sentence will run consecutive to any other sentence given.”
¶ 21. We know of no authority which authorized the trial judge to enter an amended judgment in a criminal case approximately eighteen months after the entry of the original sentencing order. The trial court’s action in this case was benign, intending only to correct the sentencing order to reflect that Lenoir had not pled guilty as stated in the original sentencing order, but instead was convicted after a jury trial. There was nonetheless, no authority which we have seen to allow this action on such a tardy basis. We note however, that while there is no apparent authority for such action, it had no substantive impact on the sentence received by Lenoir or the disposition of this case.
¶ 22. THE JUDGMENT OF THE LINCOLN COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY-FOUR YEARS TO BE SERVED CONSECUTIVELY TO ANY OTHER SENTENCE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.

. Mississippi Rule of Evidence 702 provides: If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

. Mississippi Rule of Evidence 703 provides: The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.