MAXWELL, J,
 

 for the Court:
 

 ¶ 1. A jury in the Washington County Circuit Court convicted Cleveland Johnson of possession of cocaine base, crack cocaine, with intent to distribute. Johnson claims insufficient evidence exists to show he possessed the cocaine, which officers found on the driver’s side floorboard of a car he drove but did not own. He also contests the admission of his prior conviction for drug distribution. Considering the evidence in a light most favorable to the verdict, we find sufficient evidence that Johnson constructively possessed the cocaine with intent to distribute it. We also find the circuit judge did not abuse her discretion in admitting Johnson’s prior conviction under Mississippi Rule of Evidence 404(b). We therefore affirm Johnson’s conviction and sentence.
 

 FACTS
 

 ¶ 2. On January 13, 2007, Greenville Assistant Chief of Police Danny Súber pulled Johnson over on an outstanding felony warrant. Johnson was driving a white Cadillac belonging to Sandra Bell, who was seated in the right, front passenger seat. Bell testified at trial that when Johnson saw the officer turn on his blue lights, he stated, “they[‘re] looking for me ... I’m fixing to jump out the MF ear.” She also testified that Johnson appeared to pull something out of his pocket and slide it down. Police ordered Johnson and Bell out of the vehicle.
 

 ¶ 3. After taking Johnson into custody, Officer James Cole conducted an inventory search of the car. He found approximately 33.4 grams of cocaine wrapped in aluminum foil in a partially folded towel on the driver’s side floorboard. Officer Cole testified he found the cocaine directly underneath the steering wheel in plain view. Johnson had approximately $480 cash in his pocket, and Bell possessed $362 cash. The crack cocaine was broken down into rocks in three separate baggies. And according to Greenville Narcotics Officer Charlton Smith, the quantity of cocaine was consistent with distribution, and its value ranged between $1,200 and $1,700. Officers arrested both Johnson and Bell based on them proximity to the drugs.
 

 ¶ 4. The State presented the grand jury with proposed indictments charging Johnson and Bell with possession of cocaine base with intent to distribute. But the grand jury only returned an indictment against Johnson.
 

 ¶ 5. At trial, Bell testified that Johnson borrowed her car for approximately two to three hours on the day of the arrest. She claimed Johnson had been driving the two around for some time before the police stopped them. Bell maintained she was unaware of the cocaine, and she had not seen anything on the floorboard before she let Johnson borrow her car. Johnson took the stand in his defense and testified he did not have any knowledge of the cocaine and had not borrowed Bell’s car earlier that day. He explained that he earned the $480 cash performing a striptease at a bachelorette party.
 

 ¶ 6. The jury found Johnson guilty of the sole count of the indictment, and the circuit judge sentenced him as a subsequent offender to twenty years’ imprisonment. The circuit judge denied Johnson’s motion for a judgment notwithstanding the verdict.
 

 DISCUSSION
 

 I. Sufficiency of Evidence for Constructive Possession
 

 ¶ 7. Johnson does not attack the validity of the traffic stop or the resulting
 
 *1043
 
 search. Nor does he contest the sufficiency of the proof offered to show his intent to distribute the cocaine. He instead argues the State offered insufficient evidence that he possessed the drugs.
 

 ¶ 8. When addressing the legal sufficiency of evidence, we consider all evidence in a light most favorable to the State.
 
 Bush v. State,
 
 895 So.2d 836, 843 (¶ 16) (Miss.2005). Credible evidence consistent with guilt must be accepted as true. We are instructed to give the State the benefit of all favorable inferences reasonably drawn from the evidence.
 
 Jones v. State,
 
 20 So.3d 57, 64 (¶ 16) (Miss.Ct.App.2009) (citing
 
 Hughes v. State,
 
 983 So.2d 270, 275-76 (¶¶ 10-11) (Miss.2008)). And the jury resolves matters of weight and credibility. Reversal is proper when reasonable and fair-minded jurors could only find the accused not guilty.
 
 Id.
 
 The crux of our duty in considering the sufficiency of the evidence is to determine whether from the evidence presented it would be impossible for a reasonable juror to find the defendant guilty.
 
 Ducksworth v. State,
 
 767 So.2d 296, 301 (¶ 10) (Miss.Ct.App.2000).
 

 ¶ 9. The State had to prove beyond a reasonable doubt that Johnson (1) knowingly possessed the cocaine and (2) intended to distribute it. Miss. Code Ann. § 41-29-139(a)(1) and (b)(1) (Rev.2009). Since Johnson does not contest the second element, we need only determine whether the State offered sufficient evidence that he possessed the drugs.
 

 ¶ 10. “What constitutes a sufficient external relationship between the defendant and the narcotic property to complete the concept of ‘possession’ is a question ... not susceptible [to] a specific rule.”
 
 Curry v. State,
 
 249 So.2d 414, 416 (Miss.1971). To establish possession, thei’e must be sufficient facts to show Johnson was aware of the presence and characteristics of the substance and intentionally and consciously possessed it.
 
 Id.
 
 But “actual possession is not needed ... constructive possession will do.”
 
 Smith v. State,
 
 839 So.2d 489, 497 (¶ 22) (Miss.2003).
 

 ¶ 11. “[T]he ‘awareness’ and ‘conscious intent to possess’ elements apply to both actual and constructive possession.”
 
 Hudson v. State,
 
 30 So.3d 1199, 1203-04 (¶ 11) (Miss.2010). The difference is that with actual possession, “the drug is actually found on the defendant’s person (ie., in his hands, mouth, pockets, etc.),” where constructive possession simply requires the drug to be found “ ‘near’ the defendant’s person in a place over which the defendant exercises dominion or control.”
 
 Id.
 
 at 1204 (¶ 11). In short, the State must show the defendant “was aware of the cocaine and intentionally,
 
 but not necessarily physically,
 
 possessed it.”
 
 Id.
 
 (citing
 
 Smith,
 
 839 So.2d at 497 (¶ 21)); see
 
 also Curry,
 
 249 So.2d at 416. Further, because the officers found the cocaine in a vehicle that Johnson did not exclusively control, the State had to offer additional incriminating facts — other than proximity — to link Johnson to the cocaine.
 
 See Powell v. State,
 
 355 So.2d 1378, 1379 (Miss.1978).
 

 ¶ 12. Johnson urges this court to rely on the supreme court’s holding in
 
 Fultz v. State,
 
 573 So.2d 689 (Miss.1990). In
 
 Fultz,
 
 the police found a large quantity of marijuana in the trunk of a vehicle driven but not owned by the defendant. They also located a small amount of marijuana in the defendant’s wallet. The supreme court found the discovery of marijuana in the defendant’s billfold, standing alone, insufficient to establish his constructive possession of the marijuana in the trunk.
 
 Id.
 
 at 691.
 

 ¶ 13. We find Johnson’s case differs from
 
 Fultz
 
 in several important ways.
 
 *1044
 
 First, Bell testified that when the police stopped the Cadillac, she saw Johnson take something out of his pocket and slide it down. From this, the jury could have reasonably inferred that Johnson tried to hide the cocaine near his feet. This favorable inference is only strengthened by Officer Cole’s testimony that he found the cocaine—not in a locked trunk like in
 
 Fultz,
 
 but on the driver’s side floorboard, in plain view, near where Johnson had been seated. Second, the jury was also free to infer that the $480 cash Johnson possessed related to his drug-trafficking activities rather than his claimed stint as a male stripper.
 

 ¶ 14. Third, though Bell owned the Cadillac, she testified that Johnson had driven it several different times on the day of his arrest, most notably at the time of the stop. And Bell testified she did not know about the drugs and had not seen anything on the floorboard that day before Johnson borrowed the car. While Johnson adamantly denied possessing the cocaine, when viewed in the light most favorable to the State, we find the “additional incriminating facts” and close proximity of the drugs sufficient to establish Johnson’s awareness of the cocaine and conscious intent to possess it.
 

 II. Admission of Johnson’s Prior Conviction Under Rule 404(b)
 

 ¶ 15. Johnson next takes issue with the circuit judge’s admission of his 1993 conviction for sale of cocaine to show intent under Mississippi Rule of Evidence 404(b). Johnson claims that because he denied possessing the cocaine found in the Cadillac, proof of his intent to distribute the drug is irrelevant. We find this argument contrary to the deep-rooted premise that a defendant’s “plea of not guilty ... puts upon the State the burden of establishing every fact necessary to constitute guilt.”
 
 Cunningham v. State,
 
 56 Miss. 269, 274 (1879).
 

 ¶ 16. The Fifth Circuit Court of Appeals has noted that a not-guilty plea sufficiently raises the issue of intent to permit the admission of Rule 404(b) evidence.
 
 United States v. Pompa,
 
 434 F.3d 800, 805 (5th Cir.2005) (citing
 
 United States v. Gonzalez,
 
 76 F.3d 1339, 1347 (5th Cir.1996)). And “[i]n a drug-trafficking ease, the issue of intent is always material.”
 
 Id.
 
 (citing
 
 United States v. Thomas,
 
 348 F.3d 78, 86 (5th Cir.2003)). Our supreme court has taken the approach “that previous involvement with drugs can be admitted on the issue of intent to distribute.”
 
 White v. State
 
 842 So.2d 565, 574 (¶ 26) (Miss.2003);
 
 see also Swington v. State,
 
 742 So.2d 1106, 1111 (¶ 13) (Miss. 1999);
 
 Jowers v. State,
 
 593 So.2d 46, 47 (Miss.1992).
 

 ¶ 17. Mississippi appellate courts have not addressed whether a defendant’s denial of possession of a controlled substance precludes the admission of 404(b) evidence aimed at showing the defendant’s intent to distribute the substance. But the Fifth Circuit has found that when a defendant is charged with intent to distribute cocaine, his state of mind with regard to the cocaine is a critical element of the crime.
 
 United States v. Walker,
 
 410 F.3d 754, 759 (5th Cir.2005). The Sixth Circuit has likewise held: “where the crime charged is one requiring specific intent, the prosecutor may use 404(b) evidence to prove that the defendant acted with specific intent notwithstanding that the defense was lack of possession, not lack of intent to distribute.”
 
 United States v. Bell,
 
 516 F.3d 432, 443 (6th Cir.2008) (quoting
 
 United States v. Bilderbeck,
 
 163 F.3d 971, 977 (6th Cir.1999)). The Seventh Circuit has also taken this approach.
 
 See United States v. Conner,
 
 583 F.3d 1011, 1021-27 (7th Cir.2009).
 

 
 *1045
 
 ¶ 18. We find Johnson’s blanket denial of wrongdoing did not relieve the State of going forward and proving each necessary element of the drug-distribution offense. To hold otherwise would restrain the State from ever meeting its burden of proof where no defense is presented on an element or perhaps an entire charge.
 

 ¶ 19. However, our inquiry does not stop here. Even when other-crimes evidence is admissible under Rule 404(b), it must pass through the “ultimate filter” of Mississippi Rule of Evidence 403.
 
 Jenkins v. State,
 
 507 So.2d 89, 93 (Miss.1987). Rule 403 calls for the exclusion of evidence, even if relevant, where the risk of unfair prejudice substantially outweighs its probative value.
 
 Simmons v. State,
 
 813 So.2d 710, 716 (¶ 33) (Miss.2002).
 

 ¶20. Johnson claims that “nowhere in the record can a hint of a balancing test be discerned.” We find this argument puzzling and without merit. While the circuit judge initially struggled mightily over whether to admit Johnson’s prior cocaine-sale conviction, she requested additional authority and carried the issue with the case. At a later recess, the judge mentioned her review of supreme court precedent and indicated she had changed her mind. As she put it, she found the prior conviction:
 

 essential to the full story as being told in this case, especially where the defense is that it was [Bell’s] drugs. And I’m going to find that the probative value outweighs any prejudicial effect, both in having a complete story come out and in the review of the case law for the issue of intent.
 

 We find the circuit court’s Rule 403 analysis was specific and touched on admitting the evidence for two well-established reasons — (1) showing Johnson’s “prior involvement in the drug trade to prove intent to distribute”
 
 [1]
 
 and presenting “the complete story of the crime.”
 
 [2]
 
 The circuit judge also carefully crafted a limiting instruction at the request of defense counsel, which she read to the jury.
 

 ¶ 21. Based on the circuit judge’s reasoning and in light of the cautionary instruction, we find she did not abuse her discretion in admitting Johnson’s prior conviction for intent purposes.
 

 ¶ 22. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FIVE YEARS OF POST-RELEASE SUPERVISION AND TO PAY A $50,000 FINE, HALF OF WHICH WILL BE SUSPENDED UPON COMPLETION OF ALL OTHER ASPECTS OF SENTENCE; A $300 CRIME LAB FEE; AND $500 TO THE MISSISSIPPI CRIME VICTIMS’ COMPENSATION FUND IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
 

 [1]
 

 .
 
 See White,
 
 842 So.2d at 574 (¶ 26);
 
 Swington,
 
 742 So.2d at 1111 (¶ 13);
 
 Holland v. State,
 
 656 So.2d 1192, 1196 (Miss.1995).
 

 [2]
 

 .
 
 See Palmer v. State,
 
 939 So.2d 792, 795 (¶ 9) (Miss.2006) (citing
 
 Simmons,
 
 813 So.2d at 716 (¶ 30);
 
 Ballenger v. State,
 
 667 So.2d 1242, 1257 (Miss.1995)).