CARLSON,
Presiding Justice, dissenting:
¶ 25. The majority reverses and renders, holding that the State failed to present sufficient evidence to sustain Johnson’s conviction of constructive possession of cocaine. I find that sufficient evidence was presented to sustain the jury’s verdict, and therefore I respectfully dissent.
I. Facts
¶ 26. This case arose out of a drug bust conducted by the Mississippi Bureau of Narcotics (MBN) in Marion County at a gas station. The target was a man named “Teddy.” An individual cooperating with the MBN purchased marihuana from Teddy using marked bills; the drug was delivered by a man referred to as “Walter.” Three of the six MBN agents followed Walter, and the other team members returned to the gas station five to seven minutes after the buyer cooperating with the MBN had departed the scene. By the time the agents arrived at the gas station, they discovered Johnson standing near a vehicle, having a conversation with Teddy. Neither Johnson nor the vehicle Johnson was standing next to had been there minutes previously when the buyer was present.
¶ 27. The MBN team had only three members facing two potentially dangerous individuals. They had anticipated having six men facing one, but three agents were pursuing Walter, and the presence of Johnson was unexpected. Securing the scene became a priority. The agents handcuffed Johnson and Teddy and had them lie face-down on the ground.
¶ 28. The agents undertook a pat-down search of the two men but found no incriminating evidence or weapons. The agents next undertook a “wingspan” search of the vehicle — the area which potentially could have been reached by Johnson or Teddy if a fight broke out. The agents checked the driver-side sun visor. The visor was in the upright position at the time, but according to the trial testimony of MBN agent John Harless, the sun visor could have had a compartment large enough to hold a gun, knife, or razor. No weapon was discovered, but the sun visor compartment did contain a piece of a white plastic bag, described as similar to a grocery store bag. The item partially visible inside the semi-transparent bag was a white rock-like substance. Agent Harless testified that, even without opening the bag, “[biased upon experience, training, numerous times encountering the substance, I felt most certain that it was going to be crack cocaine.” The substance was later confirmed to be 0.7 grams of cocaine.
¶ 29. Johnson was indicted for possession of a controlled substance (cocaine) and also was charged as an habitual drug offender under Mississippi Code Section 41-29-147, based on his previous conviction for possession of a controlled substance. During trial, Johnson filed a motion to suppress the cocaine evidence, claiming that the search was illegal. The trial judge denied this motion, and Johnson was found guilty. Johnson filed a motion for JNOV or, in the alternative, a new trial. The motion was denied by the circuit court, and the Court of Appeals affirmed the judgment of conviction and sentence. Johnson v. State, 49 So.3d 130, 138 (Miss. Ct.App.2010). The majority reverses and renders, finding that the State failed to present sufficient evidence to support a *1028 finding of constructive possession. Because the majority finds this issue to be dispositive, it does not address Johnson’s allegation of illegal search and seizure.
II. Standard of Review
¶ 30. “[I]n considering whether the evidence is sufficient to sustain a conviction in the face of a motion for directed verdict or for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.’” Bush v. State, 895 So.2d 836, 843 (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). If any facts or inferences “ ‘point in favor of the defendant on any element of the offense with sufficient force that reasonable [jurors] could not have found beyond a reasonable doubt that the defendant was guilty,’ the proper remedy is ... to reverse and render.” Bush v. State, 895 So.2d 836, 843 (quoting Edwards v. State, 469 So.2d 68, 70 (Miss.1985)). However, this Court will reverse a circuit court’s denial of a motion for a new trial only when the verdict is “so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Hearn v. State, 3 So.3d 722, 741 (Miss.2008).
¶ 31. Johnson did not have actual possession of the cocaine, and he thus was found guilty of constructive possession. To establish constructive possession, “there must be sufficient facts to warrant a finding that [the] defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.” Curry v. State, 249 So.2d 414, 416 (Miss.1971). This Court has held that “absent some competent evidence connecting him with the contraband[,]” the defendant is entitled to acquittal. Powell v. State, 355 So.2d 1378, 1379 (Miss.1978) (citations omitted).
¶ 32. The majority finds there was insufficient evidence for a rational trier of fact to find that the elements of constructive possession existed. I disagree. I would hold that the competent evidence was legally sufficient to the extent that the jury could draw reasonable inferences and arrive at a guilty verdict.
¶ 33. Juries are not required to view cases in a vacuum. Judge Prichard instructed the jury on its solemn responsibilities in this case. Among Judge Prichard’s instructions to the jury was the following:
As sole judges of the facts in this case, you determine what weight and credibility will be assigned the testimony and supporting evidence of each witness in this case. You are required to use your good common sense and sound, honest judgment in considering and weighing the testimony of each witness.
(Emphasis added.)
III. Johnson’s Connection to the Vehicle
¶ 34. Johnson and the majority correctly note that neither Johnson nor the car that he was found next to was at the scene when the informant was purchasing the marihuana from Teddy. Johnson and the vehicle both arrived in the five-to-seven-minute interval before the agents arrived, but there is no direct evidence that Johnson drove the car or rode in it as a passenger to the gas station.
¶ 35. However, there was evidence as to the vehicle’s ownership. Agent Harless testified that either Johnson’s father or another family member took custody of the vehicle after Johnson’s arrest. As to the owner, Harless stated “I believe going from memory, and I could be incorrect, *1029 that the owner was Johnson’s mother.” The majority describes these statements as merely speculative.
¶ 36. I disagree with this characterization. The statements both relied on a faulty memory, but that does not make them speculative. See, ie., Dietz v. Consol. Oil & Gas, Inc., 643 F.2d 1088, 1094 (5th Cir.1981) (“Yancey’s testimony may have been sketchy, it may have been based on poor memory, and it may have been wrong but being based on recollection rather than mere hypothesis and conjecture, it was not speculative.”) Agent Harless testified that the car was collected by, and thus presumably owned by, a member of Johnson’s family. The jury had no reason to doubt this testimony, and the defense offered no contradictory testimony. Coupled with Johnson’s presence next to the vehicle, the shortness of the interval during which the MBN agents were not observing the gas station, and the absence of any other purported driver of the vehicle, the evidence was sufficient for the jury to draw a reasonable inference that Johnson had driven the car to the gas station.
IV. Precedent
¶ 37. The majority cites two prior decisions of this Court in which it characterizes the State as presenting “far more evidence” than in the present case. In Fultz v. State, 573 So.2d 689 (Miss.1990), the defendant was convicted of constructive possession with intent to sell marihuana, where the car he was driving belonged to the defendant’s sister; marihuana was found in a set of plastic bags contained in a duffel bag in the trunk of the car; and the defendant admitted to having smoked marihuana prior to his arrest. This Court held that the State had failed to present sufficient evidence to establish constructive possession. Id. at 691. In Fultz, this Court specifically cited “poor police work” due to the failure of the police to dust the trunk or the bags for fingerprints. Id. at 691.
¶ 38. I would hold that this case is distinguishable from Fultz. The sun visor of a car is unlike the trunk. It is much more accessible to the driver and much less likely to bear long-term cargo.
¶ 39. As far as fingerprinting is concerned, the police in Fultz could have fingerprinted the material of the trunk or the duffel bag; the duffel bag itself contained numerous plastic bags. A plastic bag by nature is far harder to fingerprint than carpet or canvas, and any such evidence here was contained on one piece of one plastic bag. Unlike the situation in Fultz, there is no indication here of “poor police work,” and I consider this case to be distinguishable.
¶ 40. In Ferrell v. State, 649 So.2d 831, 835 (Miss.1995), this Court held that the State had failed to prove constructive possession of drugs found in a matchbox next to the driver seat, where the driver had possessed the car for fifteen hours and there were no additional incriminating circumstances — including no drug paraphernalia found on the car, no fingerprints found on the matchbox, and the defendant was not on drugs when arrested. This Court stated that “the contraband was not positioned in such a way that its presence would be reasonably apparent to a person riding in the car. The mere fact that the matchbox was only a matter of inches from where the defendant was sitting, rather than in the trunk, does not overcome the fact that the crack was cloaked.” Id. (citing Cunningham v. State, 583 So.2d 960, 962 (Miss.1991)).
¶ 41. The present case is unlike Ferrell. In that case, the drug was concealed in a matchbox, positioned so that it would not be reasonably apparent to the driver of the car. Ferrell, 649 So.2d 831, 835.
*1030 ¶ 42. The majority also argues that the Court of Appeals mistakenly used Johnson’s relationship with Teddy to support its finding that the State had presented sufficient evidence for constructive possession, and notes that “[mjere presence does not indicate participation in the purchase. Nor does it support an inference of dominion and control.” Berry v. State, 652 So.2d 745, 748 (Miss.1995). The majority characterizes this as a “prime example” of holding the defendant guilty by association, and notes that “[ajssociation will not suffice to satisfy the requirements” for constructive possession. Vickery v. State, 535 So.2d 1871,1379 (Miss.1988).
¶ 43. In making this determination about guilt by association in Vicket"y, this Court found that “[t]he only external relationship as required by Curry v. State between Vickery and the marijuana was the relationship between Vickery and Gary Hall.” Vickery, 535 So.2d at 1379 (citing Curry v. State, 249 So.2d 414 (Miss.1971)). Here, Johnson has not been accused or convicted of any participation in Teddy’s crimes. Yet it remains true that Johnson was alone with Teddy, a known drug dealer, immediately after Teddy had committed a drug-related crime and at the exact location of the crime. It was reasonable for the jury to take note of these facts in arriving at its determination involving Johnson’s unrelated crime. The jury also had available much stronger and more indicative evidence of Johnson’s guilt in the form of the vehicle, owned by a family member of Johnson’s, which contained contraband cocaine in a conspicuous compartment.
V. Conclusion
¶ 44. It is within the province of the jury “to resolve matters regarding the weight and credibility of the evidence.” Stevenson v. State, 733 So.2d 177, 186 (Miss.1998) (quoting Hiter v. State, 660 So.2d 961, 964 (Miss.1995)). I would hold that there is sufficient evidence for the jury to have drawn reasonable inferences and to have determined that Johnson was in constructive possession of the cocaine.
¶ 45. Since the majority finds the constructive possession issue dispositive, it does not address the issue of the search and seizure of the cocaine evidence. I would adopt the analysis of the Court of Appeals, which finds that the search was not unreasonable. Johnson, 49 So.3d at 136-37.
¶ 46. Accordingly, I would affirm the judgment of the circuit court and of the Court of Appeals. Because the majority holds otherwise, I respectfully dissent.
RANDOLPH AND LAMAR, JJ„ JOIN THIS OPINION.